Dear Mr. Duplantis:
This office is in receipt of your request for an opinion of the Attorney General on behalf of the Sheriff of St. Mary Parish in regard to service of district court documents by the city court marshals. You indicate in an effort to improve efficiency the Sheriff would like to have the city court marshals for the City Courts in Morgan City and Franklin serve certain district court documents within their respective territorial jurisdictions. The sheriff proposes to enter into a cooperative agreement with each marshal's office to compensate it for such service if there is no legal prohibition which would make such compensation improper. Accordingly, you present the following:
 1. Article 332 of the Code of Civil Procedure provides that "When authorized to do so by the Sheriff, a constable or marshal of a city court, within the territorial jurisdiction of his court, may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute." In Attorney General Opinion 92-165 your office held that article 322 allowed the sheriff to compel such service. Our question is: (a) is that still the opinion of your office, and (2) if so, must such be done without compensation to the marshal's office.
 2. What effect, if any, would the provisions of R.S. 13:1881(B) have on the Sheriff's proposal to compensate the marshals. See Attorney General Opinions 92-775 and 96-527.
We find C.C.P. Article 332 provides as follows:
 When authorized to do so by the sheriff, a constable of a justice of the peace court or a constable or marshal of a city court, within the territorial jurisdiction of his court, may serve any process and execute any writ or mandate which the sheriff is authorized to serve or execute.
 For such purpose, the constable or marshal possesses the powers and authority of the sheriff; a service or execution so made had the same effect as if made by the sheriff; and the latter is responsible for the performance or nonperformance of his duties by a constable or marshal in such cases.
As you point out, Atty. Gen. Op. No. 92-165 stated that "the chief of police and/or his deputies may be compelled to make or effect service of process within his jurisdiction under C.C.P. Art. 332, i.e. after being authorized by the sheriff". By a reading of that opinion as a whole it was also noted that there are few exceptions to the authority of a sheriff to serve process issuing from district courts, but recognized the exception that permits the sheriff to authorize the chief of police to serve district court process. This statement is made along with the statement that "the marshal is the chief of police and the ex officio constable", and that they "may serve district court process within their jurisdictions, but only after receivingauthority from a sheriff."
We see no reason to conclude that this opinion stands for anything beyond the clear provisions of C.C.P. Art. 332 that the marshal of the city court may serve any papers which the sheriff can serve in that jurisdiction when authorized by the sheriff.
This office has recognized the constitutional prohibition of the donation of public funds in Art. VII, Sec. 14 does not extend to cooperation endeavors by public agencies. Paragraph (C) of Section 14 authorizes the State and its political subdivisions to engage in cooperative endeavors for a public purpose with other governmental agencies. However, to merely serve a public purpose is not sufficient in itself to fulfil the requirements for the cooperative endeavor, and this office has stated in accordance with the jurisprudence that to fall within this provision it is necessary that the parties in the transfer have a legal obligation to perform the function for which the transfer of funds is made.
In the instant situation the statutory provisions allow for the service of documents by the city court marshal upon the direction of the sheriff, and since there is a legal basis on the part of the marshal, there would be no prohibition against the sheriff compensating the marshal's office for the service with the recognition of certain restrictions on the salary of the marshal and deputy.
This brings us to your second inquiry as to what effect, if any, would the provisions of R.S. 13:1881(B) have on the sheriff's proposal to compensate the marshals, and you particularly refer to Atty. Gen. Op. Nos. 92-775 and 96-527.
In Atty. Gen. Op. 92-775 this office concluded that R.S.13:1881(B) prohibits a marshal from using funds generated by the operation of his office to pay all or a portion of the salaries of his deputies. However, in Atty. Gen. Op. 96-527 it was stated while the City Council or Police Jury were authorized to fix the salary of the deputy marshal, the marshal is allowed to supplement the deputy marshal's salary.
In this regard it should be noted that R.S. 13:1881(B) was amended by Act 629 of 1993 permitting the city marshal to use funds available for expenses of his office to pay an amount in excess of the fixed salary to deputy marshals, and it was on the basis of this amendment that Atty. Gen. OP. No. 96-527 was rendered with a different conclusion.
That opinion further stated while the marshal may use the funds available to supplement the salary of his deputy marshal or to hire additional deputy marshals, R.S. 13:1881 mandates "in no case may the salary of the deputy marshal be higher than that of the marshal", and observed that R.S. 13:1881(B) provides "nothing herein shall authorize the city marshal to fix or supplement his own salary."
To this extent we feel under an agreement for a cooperative endeavor the sheriff may compensate the office of the marshal for service of documents made at his request, but such funds cannot be used in violation of R.S. 13:1881 restrictions in regard to salary increases.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR